[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Both partes presently seek a modification of the outstanding order for unallocated alimony and support.[1] The Defendant, at the time of the dissolution, February 9, 2000, was employed as manager of employer's benefits and compensation practice for Deloitte Touche LLP in Connecticut. The trial court, Cutsumpas, J., found the Defendant's gross CT Page 13254 annual compensation to be $133,000, rising to $136,120 when flex benefits were included. The Plaintiff's income was approximately $7,592 per year. In reaching its determination to award to the Plaintiff $5,000 per week unallocated alimony and support, the trial court noted that it was reasonable to assume it [Plaintiff's income] will increase to between $35,000 an $50,000 per annum now that the dissolution of marriage has occurred.
At some point thereafter, the Defendant's employment was terminated and he made a claim against his employer regarding this termination.
As a result of this loss of employment, the amount of unallocated alimony and support has twice been reduced, first to $3,500 per month while he was receiving severance compensation, and again on June 4, 2001 to $2,500. One week after this second reduction, the Plaintiff received notice that the Defendant had received a payment as a result of his wrongful discharge claim. Thereafter on July 9, 2001, the Defendant began a new job as director of employee benefits with Austin Nichols. The Defendant's starting salary was $100,000, and he will be eligible for a discretionary bonus after 1 year, historically approximately ten percent. He will also receive $36,000 in 2001 as a result of his wrongful termination claim against his prior employer. He shows this amount as an asset on his financial affidavit rather than including it as income. The Defendant also receives other benefits from his employment.
Both parties used funds from savings and/or retirement accounts to make up for shortfalls in covering expenses during the period of the Defendant's unemployment.
It is difficult to predict what the Defendant's income, including bonus and benefits, will be in 2002.
The Defendant advised the court that he was not free to detail the nature or specifics of the payment of $36,000 which he received this summer. However, the Defendant asked that the court disregard this $36,000 payment in its determination of an appropriate award for alimony and support. This the court refuses to do. His loss of employment, with the accompanying loss of income, resulted in court reductions in the amount of the Defendant's alimony and support orders. Correspondingly, the Defendant's receipt of payments representing compensation for wrongful actions of his employer related to and resulting in his loss of income should be included in his current income in a determination of these motions to modify the alimony and support. See, Griggs v. Griggs, Superior Court, Judicial District of New London at New London, Docket No. 535273 (Jan. 12, 1996, Teller, J). The Defendant acknowledged that for income tax purposes, the payment is included within the definition of CT Page 13255 "income". The Defendant's income for the year commencing July 9, 2001, including this $36,000 will be $136,000, and in addition, he will likely receive a significant sum as a bonus. His income, prior to the loss of his previous job, was $133,000, rising to $136,120 when flex benefit were included. His present order of $2,500 per month was based upon his lack of work and earnings. There has been a substantial change in circumstances. His income for the current year, commencing July 9, 2001 will be equal to or greater than those he received prior to the first court modification.
The court appreciates the fact that Defendant's new position has just begun and that the $36,000 payment at issue is a one time event. The court therefore orders that the Defendant pay to the Plaintiff the sum of $5,000 per month, unallocated alimony and support, commencing July 15, 2001 and continuing until further order of the court, payments to be by way of an automatic wage execution, with credits for payments made prior to this decision.
HILLER, J.